O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 09-230 DOC (Ex)                                    Date: January 25, 2010

Title: DONY BESSER, ET AL. V. SANDRA CHAPPLE, ET AL.

---

DOCKET ENTRY
        [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]

                                    Date:_____   Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

____Kristee Hopkins____                          ____Not Present____
Courtroom Clerk                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                    NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING DEFENDANT RE/MAX ASSOCIATES' MOTION
TO DISMISS

        Before the Court is Defendant RE/MAX Associates' Motion to Dismiss and/or to Strike Third Amended Complaint ("Motion"). The Court finds that the matter is appropriate for decision without oral argument. FED. R. CIV. P. 78; Local Rule 7-15.  After reviewing the moving, opposing, and replying papers, and for the reasons set forth below, the Court GRANTS the Motion.

## I.      BACKGROUND

        Defendants Sandra Chapple ("Chapple") and Charles Hawkins ("Hawkins") allegedly conducted two seminars on behalf of Defendants Richard Wolper ("Wolper"), Empire Custom Homes, LLC ("Empire"), Sterling Mountain Properties Deer Canyon ("Sterling"), Mountain Lake Ventures, LLC ("Mountain Lake"), Shelby Ahlstrom ("Ahlstrom"), Kimberly Bowen ("Bowen"), and RE/MAX

Associates[1] (all named defendants collectively, "Defendants").  Plaintiffs Dony Besser, Silvia Besser, Robert Magnotta, Zaven Kulajian, Virginia Lane, Charla Kabana, Jake Winett, Erin Winett, Juli Humbles, and Pat Rogers ("Plaintiffs") attended the seminars.

At the seminars, Defendants represented to Plaintiffs that for $40,000 each, Plaintiffs could cause the construction of a single family residence in Utah.  This allegedly was not an investment, but a down payment on real property owned by Wolper, to be subdivided and developed by Mountain Lake, Sterling, and Empire and sold to third parties by RE/MAX Associates and Bowen for a profit to be split between the parties.  The $40,000 was to be held in trust until the close of escrow, and after the financing was secured, each Plaintiff's down payment would be refunded.

Plaintiffs contributed $40,000 each as a down payment on real property in Utah, and were told that an escrow account had been opened on ten real properties in the State of Utah that had been subdivided from Wolper's property.  These properties and the residences built upon them would allegedly be sold, and half the profits earned from the sales would go to Plaintiffs.  Plaintiffs also entered into a Deposit Agreement with Mountain Lake on or about October 1, 2007.  Plaintiffs allege that within a few months after receiving the funds, Defendants refused to return any phone calls or any other communications from Plaintiffs.  Plaintiffs allege that these Defendants have repeatedly sold, and continue to sell, the same real property to individuals around the country.

Plaintiffs have now filed a Third Amended Complaint ("TAC"), to which Defendant RE/MAX objects in the form of a Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss under Federal Rule of Civil Procedure 12(e) and Motion to Strike under Rule 12(f).  Plaintiffs assert claims of restitution, intentional misrepresentation, negligent misrepresentation, constructive trust, resulting trust, violation of Cal. Bus. & Prof. Code § 17200, and breach of fiduciary duty against RE/MAX.  Plaintiffs allege that RE/MAX, through Defendant Bowen, was to act as real estate agents for the purchase of the Utah property and sale of that property to third parties.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss for Lack of Personal Jurisdiction

A plaintiff has the burden of establishing that personal jurisdiction exists over a defendant.  *See, e.g., Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003) (citing *John Doe I v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)).  The Court may rule on a defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) without first holding an evidentiary hearing.  In such a situation, a plaintiff has

---

[1]    RE/MAX Associates states that it was erroneously sued under this name and that its correct name is Associates Group, LLC dba RE/MAX Associates.  Decl. R. Dailey at ¶ 2.

the burden of making a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss. *Id.* at 1129.  When the plaintiff's version of the facts is not directly controverted, it is taken as true for the purposes of a Rule 12(b)(2) motion.  *Id.* (quoting *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)).  Conflicts between the facts in the parties' affidavits are resolved in the plaintiff's favor.  *Id.*

Where there is no federal statute controlling the Court's exercise of personal jurisdiction, federal courts must look to the forum state's jurisdictional statute to determine whether it is proper to assert personal jurisdiction.  *E.g., id.*  The California long-arm statute provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."  Cal. Civ. Proc. Code § 410.10.  Thus, the Court's jurisdictional analysis under California law and federal due process is the same.  *Yahoo! Inc. v. La Ligue Control Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

The Due Process Clause requires that a court exercise personal jurisdiction over a defendant only if the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945) (internal quotation marks omitted).  A court may exercise general jurisdiction over a defendant whose contacts with the forum are so "continuous and systematic" that personal jurisdiction is proper in any action.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78, 105 S. Ct. 2174 (1985).  Absent general jurisdiction, a court may also exercise specific jurisdiction over a defendant where "jurisdiction [is] based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo!*, 433 F.3d at 1205.

In the Ninth Circuit, a three-part test determines whether specific jurisdiction exists: (1) the non-resident defendant must purposefully direct its activities at, or consummate some transaction with, the forum state or a resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum; (2) the plaintiff's claim must be one that arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.  *E.g., id.* at 1205-06.  In addition, when considering the first prong of purposeful availment, the Ninth Circuit has recognized in cases involving torts that jurisdiction may attach if the defendant's conduct somehow effects the forum state where the "out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state" (the "effects test").  *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995).

### B.    Motion to Dismiss and Motion to Strike

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  "A motion for [a] more definite statement pursuant to Rule 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail,

and therefore, a court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Beery v. Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993). "If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." *Id.*; *see also Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

"Motions for a more definite statement are viewed with disfavor, and are rarely granted." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). Under the liberal federal pleading standards, all that is required of a complaint is "a short and plain statement of the claim" that gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). Therefore, a Rule 12(e) motion may not be used to compel the plaintiff to set forth "the statutory or constitutional basis for his claim, only the facts underlying it." *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990). However, "even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion . . . require such detail as may be appropriate in the particular case." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) (internal quotation marks and citation omitted). The Ninth Circuit has defined "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citation omitted), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023 (1994).

## III. DISCUSSION

Defendant RE/MAX Associates ("RE/MAX") asserts that Plaintiffs cannot establish general personal jurisdiction over itself because RE/MAX is a Utah corporation that is located in Utah and solely does business in Utah. Memorandum of Points and Authorities in Support of Def.'s Mot. to Dismiss ("MPA") at 18. They further assert that specific jurisdiction does not exist over Defendant because up until late December 2007, Defendant Bowen worked for RE/MAX Advantage,[2] not Defendant RE/MAX Associates, and that any actions by Bowen following late December 2007 are insufficient to establish personal jurisdiction over Defendant RE/MAX. *Id.* at 20. RE/MAX submitted a declaration by the broker owner of RE/MAX stating that Bowen was not an independent contractor of RE/MAX until December 22, 2007 and that "Bowen never informed [RE/MAX] of any potential or

---

[2]     RE/MAX Advantage was named as a defendant in the original complaint but was dismissed from the action on May 26, 2009. *See* Notice of Dismissal.

pending transactions related to the Canyon Trails Subdivision or related to any of the persons or entities that are listed in the [complaint]."  Decl. R. Bailey ¶ 7.

Plaintiffs argue that Defendant Bowen was an agent of RE/MAX and that RE/MAX should be liable for Bowen's actions because RE/MAX knew about or ratified those actions.  In support of this argument, Plaintiffs submitted a declaration by Plaintiff Charla Kabana in which she states that on or about March 27, 2008, at the time that Bowen was working for RE/MAX, she entered into a Brokerage Disclaimer and Real Estate Purchase for Land from Defendant Sterling Mountain Properties Deer Canyon, LLC.  Decl. C. Kabana, ¶¶ 2,3, Exhs. 1,2.  Bowen acted as the listing agent with RE/MAX acting as the listing broker. *Id.*

Plaintiffs argue that the activities of Bowen are sufficient to satisfy personal jurisdiction for Defendant RE/MAX. The first prong of the personal jurisdiction analysis is whether Plaintiffs have shown purposeful availment of the forum state, California.  The Court has previously held that personal jurisdiction exists over Defendant Bowen, ruling that Bowen's conduct certainly had an effect on Plaintiffs in California and that "Bowen's participation in the scheme caused damages to Plaintiffs located in California even though her participation occurred after Plaintiffs put down a $40,000 deposit. It was the conjunctive effort of all Defendants in this case that made the scheme successful in the first place; thus, Bowen's alleged role in the scheme had an effect on Plaintiffs in the forum state."  July 17, 2009 Order at 6.  The Court also held that, even if the "effects test" did not apply, Bowen's collaboration with co-defendants Chapple and Hawkins would be sufficient to establish specific jurisdiction if she were found to be in a principle-agent relationship with them.  *Id.*

Bowen was working as RE/MAX's agent from December 2007 forward, and therefore her actions are arguably attributable to RE/MAX.  As it did regarding Defendant Bowen, the Court notes that "the actions of an agent are attributable to the principal" for the purposes of establishing personal jurisdiction. *Myers v. Bennet LawOffices,* 238 F.3d 1068, 1073 (9th Cir. 2001). Generally, Plaintiffs allege that Bowen was an integral actor in the alleged fraud and that Bowen promised to sell the properties for Plaintiffs through RE/MAX once they were developed.  Most of the alleged misrepresentations by Bowen and her co-defendants took place in June through October 2007 before Bowen's contract with RE/MAX.  Therefore, the Court first looks at the time period in which Bowen's actions should be attributed to RE/MAX for the personal jurisdiction analysis.

Bowen did not have actual authority to act for RE/MAX prior to December 2007. Defendant has submitted Utah state forms confirming that Bowen had no relationship with RE/MAX prior to December 2007, and the documents trump allegations to the contrary. Plaintiffs argue that in personal jurisdiction inquiries, conflicts in facts are resolved in the plaintiff's favor.  However, the standard is that conflicts between the fact *contained in the parties' affidavits* are resolved in favor of plaintiff. *Harris Rutsky*, 328 F.3d at 1128-29. Plaintiffs did not submit any affidavit on this point, so their unsupported allegations are insufficient to overcome defendant's affidavit.

Plaintiffs alternatively argue that RE/MAX should be responsible for all of Bowen's actions (and the actions of her fellow schemers) before she became an independent contractor for RE/MAX because even if Bowen did not have a formal relationship with RE/MAX at the time when these actions took place, Bowen had apparent authority to act on behalf of RE/MAX.  Plaintiffs further argue that RE/MAX ratified those actions.  Plaintiffs are correct that acts taken by an agent under apparent authority can be sufficient to establish personal jurisdiction for the principal, as can acts taken by an agent later ratified by the principal.  *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1073 (9th Cir. 2001).[3]   While apparent authority is a question of fact, Plaintiffs must establish a *prima facie* case of apparent authority in a personal jurisdiction inquiry in order for the actions of an agent to be taken into account as to the principal.  Apparent authority exists where "the acting party subjectively believed that the agent had authority to act for the principal and . . . the subjective belief in the agent's authority was objectively reasonable."  *Id.* at n.2.  Plaintiffs have submitted no affidavits setting forth their *prima facie* case that they subjectively believed that Bowen was acting under the authority of RE/MAX prior to December 2007 or the circumstances of this belief such that the Court could discern whether Plaintiffs had made a *prima facie* case that the belief was subjectively reasonable.  Therefore, Bowen's actions prior to December 2007 cannot be considered on the basis of apparent authority.

The Court next looks to whether ratification serves as a basis for taking into account Bowen's actions prior to December 2007.  Plaintiffs cite no authority for the principle that an employer ratifies all prior acts of an employee simply through the act of hiring her.  Plaintiffs' sole argument is that the two agreements in which RE/MAX acted as listing agent for the sale of property to Plaintiff Kabana act as a ratification of Bowen's conduct.  Pl.'s Opp. at 8.  However, Plaintiffs do not develop this argument and explain how these documents indicate ratification of Bowen's prior acts and representations.  RE/MAX also submitted an affidavit stating that it was never informed of Bowen's dealings with Plaintiffs or other Defendants. While lack of knowledge by an employer might not defeat *respondeat superior* liability under an apparent authority argument, as Plaintiffs note, lack of knowledge is certainly relevant to a ratification argument.

Because Plaintiffs have failed to make a *prima facie* showing that Defendant Bowen acted under RE/MAX's apparent authority or that RE/MAX ratified Bowen's previous acts, the Court therefore focuses its analysis on actions taken by Bowen after late December 2007 to determine whether her conduct, and by virtue of her employment relationship with RE/MAX, RE/MAX's conduct, somehow effects the forum state.  *Ziegler*, 64 F.3d at 473. The "effects test" imposes three requirements: "'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (quoting *Yahoo!*, 433 F.3d at 1206 (9th

---

[3] *Myers* involved acts of an employee that were taken while employed by his employer but allegedly outside of the scope of his employment.  The parties did not discuss how an apparent authority or ratification analysis differs when the acts taken by an employee occurred prior to her hiring.

Cir.2006) (en banc)).

If the Court looks only to actions taken from December 2007 forward, Plaintiffs' allegations in the complaint from that time period are only that there were continuing misrepresentations by Defendant Bowen through March 2008 to Plaintiffs that Bowen and RE/MAX would act as real estate agents for both the purchase and the sale of the Utah property.  Plaintiffs have also submitted a Real Estate Purchase Contract for Land from March 2008, in which Plaintiff Kabana entered into an agreement to purchase land from Defendant Sterling Mountain Properties Deer Canyon, LLC, with Bowen acting as the listing agent and with RE/MAX acting as the listing broker.  Decl. C. Kabana, Exh. 2. Bowen and RE/MAX acted as the agent for Defendant Sterkling, not Plaintiff Kabana. Also submitted was a brokerage disclaimer in which Kabana acknowledges that RE/MAXis not authorized to make any warranties with respect to the property being sold.  *Id.* at Exh. 1.

Plaintiffs have alleged both that Bowen's misrepresentations regarding the real estate transaction were intentional and that they were expressly aimed at persons whom she knew to be residents of California.  This is sufficient to meet the first two prongs of the effects test.  *See Id.* at 1059 (citing *Dole Foods, Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

The third prong of the effects test is whether Defendant has allegedly caused harm that Defendant knows is likely to be suffered in the forum state.  *Id.* at 1058.  RE/MAX argues that any action taken by Bowen after December 2007 did not cause Plaintiffs any additional harm–in other words, her action had no effect and thereby cannot satisfy the effects test.  Plaintiffs' complaint alleges an ongoing scheme by Bowen in conjunction with the other Defendants where actions were taken after the money was physically deposited by the Plaintiffs.  These actions are limited to vague allegations that Bowen made "continuing representations" to Plaintiffs through March 2008 and representations that perhaps Plaintiff Andrews would be brought in to assist in selling the properties and the transaction with Plaintiff Kabana in which RE/MAX and Bowen acted as agents for another Defendant.  In terms of establishing personal jurisdiction, these contacts with the state of California by Bowen after the time period of December 2007 were minimal.  At most it appears that the "effect" meant to be accomplished by Bowen's continuing representations from December 2007 forward was to continue the status quo of a scheme that was initiated and executed when Defendant's employee was not associated with Defendant.  Plaintiffs have not cited authority supporting the theory that this is sufficient to satisfy the effects test, and the Court finds that it is not.

As Plaintiffs have failed to show purposeful availment, they have not met their burden of establishing personal jurisdiction over RE/MAX.  Therefore, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.

## IV.    DISPOSITION

For the foregoing reasons, Defendant RE/MAX's Motion to Dismiss for Lack of Personal

Jurisdiction is GRANTED and Defendant's Motion to Dismiss and/or Strike Complaint is DENIED AS MOOT.

The Clerk shall serve this minute order on all parties to the action.