O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONY BESSER et. Al., | ) | CASE NO. SACV 09-230 DOC (Ex) |
| Plaintiff(s), | ) | |
| v. | ) | **O R D E R GRANTING DEFENDANT BOWEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| SANDRA CHAPPLE et. Al., | ) | |
| Defendant(s). | ) | |

Before the Court is a Motion for Partial Summary Judgment filed by Defendant Kimberley Bowen ("Bowen"), requesting that judgment be entered in her favor on Plaintiff's ninth cause of action for breach of fiduciary duty ("Motion") (Docket 102). After considering the moving, opposing and replying papers thereon, and for the reasons stated below, the Court hereby GRANTS Bowen's Motion.

**I.   BACKGROUND**

Defendants Sandra Chapple ("Chapple") and Charles Hawkins ("Hawkins") allegedly conducted two seminars on behalf of Defendants Richard Wolper ("Wolper"), Empire Custom Homes, LLC ("Empire"), Sterling Mountain Properties Deer Canyon ("Sterling"), Mountain

Lake Ventures, LLC ("Mountain Lake"), Shelby Ahlstrom ("Ahlstrom")[1], Kimberly Bowen ("Bowen"), and RE/MAX Advantage.[2] Plaintiffs Dony Besser, Silvia Besser, Robert Magnotta, Zaven Kulajian, Virginia Lane, Charla Kabana, Jake Winett, Erin Winett, Juli Humbles, and Pat Rogers ("Plaintiffs") attended the seminars.

At the seminars, Defendants allegedly represented to Plaintiffs that for $40,000 each, Plaintiffs could cause the construction of a single family residence in Utah ("Utah Properties"). Defendants allegedly represented that this payment was not an investment, but rather a down payment on real property owned by Wolper, to be subdivided and developed by Mountain Lake, Sterling, and Empire and sold to third parties for a profit. The $40,000 was to be held in trust until the close of escrow, and after the financing was secured, each Plaintiff's down payment would be refunded.

Plaintiffs aver that they contributed $40,000 each as a down payment on the Utah Properties, and were told that an escrow account had been opened on ten real properties that had been subdivided from Wolper's estate. Plaintiffs allege that within a few months after receiving the funds, Defendants refused to return any phone calls or any other communications from Plaintiffs. Plaintiffs allege that these Defendants have repeatedly sold, and continue to sell, the same real property to individuals around the country.

Plaintiffs assert ten causes of action in their Fourth Amended Complaint ("4AC"), the currently operative complaint in this matter. Only one of these causes of action is relevant to the instant Motion: Plaintiffs' ninth claim for breach of fiduciary duty against Bowen. Bowen moves for summary judgment on this cause of action, arguing that Plaintiffs have failed to adduce any evidence that Bowen was in a fiduciary relationship with any of the Plaintiffs. In the 4AC, Plaintiffs pled the existence of a fiduciary duty by virtue of Bowen's alleged status as their

---

[1] Defendant Ahlstrom was dismissed from the case pursuant to a stipulation of the plaintiffs on December 16, 2010 (Docket 111).

[2] RE/MAX Advantage was dismissed from the case pursuant to a stipulation of the plaintiffs on May 27, 2009 (Docket 13).

real estate agent in purchasing the properties at issue. 4AC, ¶¶ 121, 124. Bowen argues that, after the close of discovery, Plaintiffs have failed to uncover any evidence that Bowen agreed to serve as Plaintiffs' real estate agent or that Plaintiffs otherwise took on any fiduciary obligations with respect to the Plaintiffs. Bowen thus requests that the Court enter summary judgment in her favor.

**II.    LEGAL STANDARD**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S. Ct. 2548 (1986). When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2); *see also Anderson,* 477 U.S. at 248-49. Furthermore, a party cannot create a genuine issue of material fact simply by making assertions in its legal papers. There must be specific, admissible evidence identifying the basis for the dispute. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1980). The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing

party]." *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

A successful claim for breach of fiduciary duty requires the plaintiff to prove (1) the existence of a fiduciary relationship, (2) its breach, and (3) damage proximately caused by that breach. *Pierce v. Lyman*, 1 Cal.App.4th 1093, 1101 (1991). "The absence of any one of these elements is fatal to the cause of action." *Id.* Bowen argues that Plaintiffs have failed to adduce sufficient evidence to establish the first of these elements: the existence of a fiduciary relationship. Plaintiffs proffer two main theories in response: (1) that there is a genuine issue of material fact regarding whether Bowen served as Plaintiffs' real estate agent throughout the initial transaction regarding the Utah Properties, and (2) that there is a genuine issue of material fact regarding whether Bowen agreed to serve as Plaintiffs' agent in future transactions involving the Utah Properties. Plaintiffs also attempt to resist summary judgment on the basis of two new theories that do not appear in the 4AC: (1) that Bowen owed fiduciary duties by virtue of her alleged status as an "escrow officer" in control of Plaintiffs' funds and (2) that Bowen owed fiduciary duties to Plaintiffs on account of her alleged position as Chief Executive Officer of Defendant Empire Custom Homes. None of Plaintiffs' theories have merit. Plaintiffs have failed to establish a genuine issue of material fact regarding the existence of a fiduciary relationship between Plaintiffs and Bowen. Bowen is entitled to judgment as a matter of law on this claim.

### a. The Initial Transaction

Plaintiffs' base their breach of fiduciary duty claim, first, on the assertion that Bowen assumed fiduciary duties during the initial Utah Properties transaction, either because she acted as Plaintiffs' real estate agent in purchasing the properties or because she owed Plaintiffs fiduciary duties by virtue of her role as a selling agent. For the reasons discussed below, neither argument holds water.

#### 1. Plaintiffs Have Not Adduced Sufficient Evidence to Create a Genuine Issue of Material Fact Regarding Whether Bowen Acted as Plaintiffs' Agent in the Purchase of the Utah

### Properties

Had Bowen agreed to serve as Plaintiffs' real estate agent in Plaintiffs' purchase of the Utah Properties, Plaintiffs would be able to show that Bowen owed Plaintiffs a fiduciary duty. Plaintiffs, however, have not produced sufficient evidence to create a genuine issue of material fact regarding whether Bowen ever served as Plaintiffs' agent during this initial transaction. On the contrary, the undisputed facts establish that Bowen acted as a "selling agent" or "listing agent" of the Utah Properties, not as a purchasing agent employed on behalf of Plaintiffs. Eleven of the thirteen Plaintiffs executed documents unambiguously titled "Unrepresented Buyer Disclosure(s)." Decl. of M. Goldsmith, Exhs 1-8, 10-12 (Verified Responses to Requests for Admissions for all Plaintiffs other than Robert Magnotta and Pat Rogers, each of which contains an authenticated and executed Unrepresented Buyer Disclosure). The Unrepresented Buyer Disclosures declare, in all capital letters:

> THE BUYER ACKNOWLEDGES AND AGREES THAT THE AGENT AND THE COMPANY WILL ONLY REPRESENT THE SELLER IN THIS TRANSACTION AS THE SELLER'S AGENT . . . THE BUYER HAS HOWEVER ELECTED NOT TO BE REPRESENTED BY A REAL ESTATE AGENT IN THIS TRANSACTION.

*Id.* This document could hardly be more clear in explaining Bowen's one-sided role in the transaction. The same eleven Plaintiffs who executed the Unrepresented Buyer Disclosures also signed Real Estate Purchase Agreements, all of which stated, in Paragraph 5, that "[t]he Listing Agent, Kimberly Bowen, represents [x] Seller." *Id.* Plaintiffs do not challenge the content of these documents. Nor do they point to other provisions that contradict or call into doubt the unambiguous description of Bowen's position as the selling agent.[3]

---

[3] The Court notes that neither Plaintiff Rob Magnotta ("Magnotta") nor Plaintiff Pat Rogers ("Rogers") signed the Unrepresented Buyer Disclosure form or the Real Estate Purchase Agreement. Plaintiffs, however, have failed to adduce a single piece of evidence regarding the existence of *any* contracts entered into by Magnotta and/or

Plaintiffs' only other purported basis for claiming that Bowen served as their purchasing agent is based on the fact that Bowen "repeatedly exchanged e-mails, phone calls, and text messages with Plaintiffs Debra Andrews and Rob Magnotta," two Plaintiffs who allegedly served as "contact points for many other Plaintiffs in this action." Pl.'s Opp. at 7 (citing Decl. of D. Andrew, ¶ 5 and Decl. of R. Magnotta, ¶ 4). According to Plaintiffs, Bowen's communications were "commensurate with how a real estate agent would interact with her clients." Pl.'s Opp. at 7. Bowen's actions, however, are also commensurate with how a ***selling agent*** would interact with a buyer in the normal course of a real estate transaction. The fact that Bowen emailed, called and text-messaged Plaintiffs, standing alone, does not create a genuine issue of material fact regarding whether Bowen served as Plaintiffs' real estate agent in the purchase of the Utah Properties.

### 2. Selling Agents Do Not Owe Fiduciary Duties to a Buyer.

Nor may Plaintiffs base their breach of fiduciary duty claim on Bowen's status as the selling agent for the initial Utah Properties sale. California law is clear that, as a default, the fiduciary duties of a selling agent run only to the ***seller*** of the property, not to the buyer. *Holmes v. Summer*, 188 Cal.App.4th 1510, 1528 (2010) (stating that, "[b]y ... holding [that the selling agent has a duty to disclose certain material facts to the buyer], we do not convert the seller's fiduciary into the buyer's fiduciary," and explaining that "the seller's agent does not generally owe a fiduciary duty to the buyer."); *see also* Cal Civ. Code § 2079.16 (Disclosure Regarding Real Estate Agency Relationship, required by California law to be distributed by realtors in order to explain "what type of agency relationship or representation" a party wishes to have with

---

Rogers, on the one hand, and Bowen on the other – other than these Plaintiffs own vague declarations to the effect that they "understood" that they were to be represented by Bowen in the Utah Properties transaction. *See* Decl. of R. Magnotta, ¶ 3; Decl. of P. Rogers, ¶ 3. Given that Plaintiffs bear the burden of proving that Bowen entered into a fiduciary relationship with them, the absence of such evidence weighs in favor of granting summary judgment. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990) (when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact).

a realtor, provides, *inter alia*, that "[a] sellers agent under a listing agreement with the Seller acts as the agent for the Seller only," owing the seller "a fiduciary duty of utmost care," but not the buyer). That is not to say that a selling agent has no responsibilities to a buyer. On the contrary, "although the seller's agent does not generally owe a fiduciary duty to the buyer, he or she nonetheless owes the buyer the affirmative duties of care, honesty, good faith, fair dealing and disclosure . . . as well as such other ***nonfiduciary*** duties as are otherwise imposed by law." *Homles*, 188 Cal. App. 4th at 1528 (emphasis added). Plaintiffs' ninth cause of action for breach of fiduciary duty, however, does not address any such non-fiduciary obligations. The Court's analysis is thus constrained to the issue of whether Plaintiffs have established a genuine issue of material fact regarding whether Bowen served as Plaintiffs' fiduciary. Bowen's alleged status as a selling agent during the sale of the Utah Properties does not give rise to any such triable issue.

### b. Future Transactions

Even if a fiduciary relationship between Bowen and the Plaintiffs did not exist throughout the intial Utah Properties transaction, Plaintiffs contend that a triable issue of fact remains regarding whether Bowen assumed fiduciary responsibilities by agreeing to serve as Plaintiffs' listing agent in any future sales of the Utah Properties by Plaintiffs to third parties. Plaintiffs, however, offer no evidence to support the claim that Bowen agreed to any such future representation. Instead, Plaintiffs' rest this theory entirely on Plaintiffs' subjective "understanding" that Bowen had agreed to do so. *See e.g.* Decl. of A. Andrew, ¶ 3 (stating, in a paragraph identical to that contained in the declaration of every other Plaintiff, that "I understood that [Bowen] would be representing me in my sale of any real property which I bought as a result of the opportunity presented by the 'Empire Team'"). In their Declarations, Plaintiffs state that their "understanding" was "based on the representations of Defendant Chapple." However, Plaintiffs provide no information – in their affidavits or anywhere else – regarding the content of Defendant Chapple's alleged "representations" to this effect. Without any such evidence, no reasonable fact finder could possibly conclude that Plaintiffs' subjective, one-sided "understanding" of Bowen's future plans was sufficient to give rise to a fiduciary relationship. Because Plaintiffs have failed to come forward with any evidence that Bowen

7

agreed to serve as Plaintiffs' listing agent in future transactions, summary judgment must be granted in Bowen's favor. *See Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990) (when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact).

### c. **Plaintiffs Can Not Survive Summary Judgment On The Basis of Previously Unpleaded Theories**

In a final attempt to avoid summary judgment, Plaintiffs proffer two new legal theories in support of their breach of fiduciary duty claim: (1) that Bowen owed fiduciary duties to the Plaintiffs by virtue of her status as an "escrow officer" allegedly in control of the bank account where Plaintiffs' funds were kept and (2) that Bowen owed fiduciary duties to the Plaintiffs by virtue of her alleged position as CEO of Empire Custom Homes. Neither of these theories appears in the 4AC. On a motion for summary judgment, Plaintiffs' allegations and theories of liability are confined to those found in the operative complaint. *Coleman v. Quaker oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) (justifying the rule on the grounds that "[a] complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."). Application of this rule proves especially fair in the instant case, seeing as Plaintiffs have been given five opportunities to correctly plead their claims. The Court declines to consider Plaintiffs' newly-alleged theories of liability.

## VI. DISPOSITION

In light of the above, Defendant Bowen's Motion for Partial Summary Judgment on Plaintiff's Ninth Cause of Action for Breach of Fiduciary Duty is GRANTED.

IT IS SO ORDERED.

DATED: January 26, 2011

_____
DAVID O. CARTER
United States District Judge